## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Welbourne

v.

Ford Motor Co.

September 4, 1968

Case No. (Law) 3615

### By JUDGE WALTER A. PAGE

The court has considered the memorandum filed and argument of counsel with reference to counsel for the defendant's motion to set aside the verdict of the jury as contrary to the law and the evidence and to enter summary judgment in its favor.

The court is of the opinion that this case is controlled by *Marshall* v. *Oldsmobile Co.*, 207 Va. 972 (1967); that the provisions of the expressed warranty excluded the existence of an implied warranty of fitness and that exclusionary provisions of the expressed warranty are not invalid as against public policy.

The Supreme Court of Appeals held in that case that *Greenland Corporation* v. *Allied, etc., Co.*, 184 Va. 588 (1945), and *duPont Co.* v. *Universal Moulded Products*, 191 Va. 525 (1950), were not applicable as in those cases implied and expressed warranty theories were not inconsistent. The court in its opinion discusses the case of *Henningsen* v. *Bloomfield Motors, Inc.*, 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1, where an implied warranty was held to exist despite limitation of liability provision in the expressed warranty but does not follow same. Also, in the case of *Daniels* v. *Truck Corp.*, 205 Va. 579 (1964), the Supreme Court of Appeals held that consequential damages could not be claimed under an expressed warranty such as this.

In the instant case, the court submitted the matter to the jury on instructions which would have allowed

the jury, if they believed from a preponderance of the evidence that the automobile purchased by the plaintiff was not free from defects in material and workmanship during the period of the warranty and the defendant's authorized dealer or dealers were offered a reasonable opportunity to correct or repair such defects and did not repair or eliminate such defects, to return a verdict in favor of the plaintiff for the difference between the value of the automobile furnished and the value it would have had, if it had been as warranted. The court further instructed the jury that, if they believed from a preponderance of the evidence that the braking system was defective and as a result thereof the vehicle was damaged, the plaintiff would be entitled to recover for the cost of the repairs. The verdict of the jury had to be rewritten because it was incomplete but clearly indicates that the jury found the braking system to be defective and returned the verdict for the plaintiff for the cost of the repairs to the vehicle.

Based upon the foregoing authorities, the court is of the opinion that it erred in submitting, over the objection of the defendant, the issue of damages resulting from alleged defective braking system to the jury, same being based upon the theory of implied warranty and, under the law in Virginia, inapplicable where there was an expressed warranty with exclusionary language; and the jury having resolved the issue upon the expressed warranty in favor of the plaintiff, the court is of the opinion that the motion of counsel for the defendant to set aside the verdict of the jury as contrary to the law and the evidence and to enter summary judgment in its behalf should be sustained.

An order carrying out the foregoing and entering judgment for the defendant, preserving exceptions of counsel for the plaintiff, may be presented at your convenience.